**IN THE UNITED STATES DISTRICTCOURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RENE CHANEY, individually, and as the Guardian of her minor children, J.C. and A.C., | Case No.  2:19-cv-04145 |
| Plaintiff, | |
| v. | JUDGE MICHAEL H. WATSON<br>Magistrate Judge Kimberly A. Jolson |
| JUUL LABS, INC., et al., | |
| Defendants. | **EXPEDITED CONSIDERATION REQUESTED** |

**PLAINTIFF'S COMBINED MOTION TO REMAND
AND NOTICE OF LACK OF SUBJECT-MATTER JURISDICTION**

Pursuant to 28 U.S.C. § 1447(c), Plaintiff, Rene Chaney, individually and as the Guardian of her minor children, J.C. and A.C., hereby moves this Court to remand the captioned case back to the Court of Common Pleas for Franklin County, Ohio.  Because no objectively reasonable basis for removal exists, Plaintiff also moves the Court to order Defendant JUUL Labs, Inc. to pay the just costs and actual expenses, including attorney's fees, that Plaintiff incurs as a result of the removal.

A Memorandum in Support is attached and incorporated by reference.

Respectfully submitted,

 */s/Mark H. Troutman*
Mark H. Troutman (0076390) (Trial Attorney)
Shawn K. Judge (0069493)
Gregory M. Travalio (0000855)
**ISAAC WILES BURKHOLDER &TEETOR LLC**
Two Miranova Place, Suite 700
Columbus, OH 43215
Tel.: (614) 221-2121 | Fax: (614) 365-9516
mtroutman@isaacwiles.com
sjudge@isaacwiles.com
gtravalio@isaacwiles.com

1

Andy D. Birchfield, Jr. (ASB-3625-C48A)*
Joseph VanZandt (ASB-7655-U14D)*
**BEASLEY ALLEN CROW METHVIN PORTIS &
MILES, LLC**
234 Commerce Street
Montgomery, AL 36103
Tel: (334) 269-2343  |  Fax: (334) 954-7555
Andy.Birchfield@BeasleyAllen.com
Joseph.VanZandt@BeasleyAllen.com
*To be admitted pro hac vice*

*Attorneys for Plaintiff*

## MEMORANDUM IN SUPPORT

JUUL Labs, Inc.'s Notice of Removal is offensive.  It is a transparent attempt to engage in forum shopping in an effort to "park" this action in federal multi-district litigation for potentially years.  This would work substantial injustice because the case was properly brought in state court, involves state law claims, and includes Ohio defendants whose culpability in the misconduct against Plaintiff and her minor children should not be minimized or disregarded.  Moreover, if the Court does not order remand before this state law case is possibly sent to multi-district litigation, every day that the case sits in an MDL rather than proceeding to a judgment in state court is a day in which Plaintiff and her daughters are not receiving the help they need to fight addictions and related ills created by the conduct of JUUL Labs, Inc. ("JUUL") and the Ohio individuals and entities that helped create, foster, and feed the minors' addictions.

The Court should not allow JUUL to turn this judicial process into a mechanism to thwart or even delay the pursuit of justice.  Instead, the Court should apply the law on an expedited basis, recognize that there is no objectively reasonable basis for removal here, and remand this action back to state court so that Defendants can be held accountable for their misconduct under state law.  Moreover, the Court should award Plaintiff all just costs and actual expenses, including

2

attorney's fees, unnecessarily incurred as a result of JUUL's improper removal.

## I.    BACKGROUND

Most of the underlying facts are irrelevant to the removal and remand issues now before the Court.  For context, this case involves claims brought by Plaintiff, Rene Chaney, individually and as the Guardian of her minor children, J.C. and A.C., who purchased JUUL products from the store located at 5439 Roberts Road in Hilliard, Ohio.  The asserted claims are against Defendants JUUL and Defendants Tobacco and Wireless Sales, LLC, Mohammed Shalash, and Hilliard Smoke House.  The latter three defendants are all Ohio residents and were named as defendants in Plaintiff's First Amended Complaint.  ECF No. 3.  Following the filing of that pleading, JUUL filed a Notice of Removal predicated on diversity jurisdiction.  ECF No. 1.  In an attempt to get around the nondiverse Defendants Tobacco and Wireless Sales, LLC, Mohammed Shalash, and Hilliard Smoke House and keep this case from state court, JUUL argues fraudulent joinder.

## II.    LAW INVOLVED

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  There are at least two mechanisms that exist by which a court can become aware of a lack of subject matter jurisdiction. One is by the non-moving party filing a motion to remand, and another is by the federal court exercising its own independent obligation to ensure that subject matter jurisdiction exists.

The Court has previously comprehensively and concisely expressed the legal standards involved in addressing a motion to remand and allegations of fraudulent joinder:

> "[A] defendant may remove a state court case to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case." *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 259 (6th Cir. 1996).  Relevant to this case, district courts have federal jurisdiction based on diversity citizenship in actions "where the matter in controversy exceeds the sum or value of $75,000" and where the controversy is

3

between "citizens of different States." 28 U.S.C. § 1332; *see also 3LI Consultant Grp. v. Catholic Health Partners*, No. 1:15-cv-455, 2016 U.S. Dist. LEXIS 7038, 2016 WL 246202, at *1 (S.D. Ohio Jan. 21, 2016). The statute requires "complete" diversity of citizenship, meaning no plaintiff resides in the same state as any defendant. *Myers Indus., Inc. v. Young*, No. 5:13-CV-01278, 2013 U.S. Dist. LEXIS 116392, 2013 WL 4431250, at *1 (N.D. Ohio Aug. 16, 2013) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005)). If complete diversity of citizenship exists, defendants may remove an action filed by a plaintiff in state court pursuant to 28 U.S.C. § 1441. *Id.*

If, however, it appears that the federal district court to which a case was removed lacks subject matter jurisdiction, the case must be remanded. *See, e.g., Woodworth v. Time Warner Cable, Inc.*, No. 1:15 CV 1685, 2015 U.S. Dist. LEXIS 148832, 2015 WL 6742085, at *1 (N.D. Ohio Nov. 2, 2015) ("Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which they were removed lacks subject matter jurisdiction."). "However, the 'fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.'" *Id.* (quoting *Coyne v. The Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). Thus, if a non-diverse party has been joined as a defendant—and in the absence of a federal question—the removing defendant may avoid remand by demonstrating that the non-diverse party was fraudulently joined. *Murray Energy Holdings Co. v. Bloomberg, L.P.*, No. 2:15-CV-2845, 2016 U.S. Dist. LEXIS 79199, 2016 WL 3355456, at *2 (S.D. Ohio June 17, 2016). Put another way, "fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne*, 183 F.3d at 493 (citation and internal quotes omitted).

To determine whether a defendant is fraudulently joined, a court must ask whether "it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.'" *Murray Energy Holdings Co.*, 2016 U.S. Dist. LEXIS 79199, 2016 WL 3355456, at *2 (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). In other words, "the question is whether a colorable cause of action exists against the non-diverse defendant." *Markins v. Sw. Airlines Co.*, No. 5:17 CV 793, 2017 U.S. Dist. LEXIS 148383, 2017 WL 4050195, at *2 (N.D. Ohio Sept. 13, 2017) (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (1994)). Importantly, a court does not probe a plaintiff's motive for joining a non-diverse defendant to the lawsuit because motive is immaterial to the analysis. *See, e.g., Jerome-Duncan, Inc.*, 176 F.3d at 907; *see also Kovacic v. Clark Retail Ent., Inc.*, No. 1:08CV1921, 2008 U.S. Dist. LEXIS 129478, 2008 WL 11381423, at *2 (N.D. Ohio Nov. 19, 2008) ("The court examines the legal sufficiency of the claim, not [a plaintiff's] actual motive for joining the non-diverse defendants.") (listing cases).

Ultimately, the removing party bears the burden of demonstrating that no colorable cause of action exists under state law. *Murray Energy Holdings Co.*, 2016 U.S. Dist. LEXIS 79199, 2016 WL 3355456, at *2. Courts have described this burden as "an uphill struggle in persuading the Court that not only does the

4

complaint fail to state a claim against the non-diverse defendant, but that there is not even a colorable argument that it does." *Eckhart v. DePuy Orthopaedics, Inc.*, No. 203-CV-1063, 2004 U.S. Dist. LEXIS 25211, 2004 WL 524916, at *2 (S.D. Ohio Mar. 3, 2004); *see also Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 952 (6th Cir. 2011) ("The burden of persuasion on those who claim fraudulent joinder is a heavy one.").

Courts have explained the fraudulent joinder inquiry as similar to one under a "motion to dismiss under Fed. R. Civ. P 12(b)(6), but as even more deferential" to a plaintiff. *Markins*, 2017 U.S. Dist. LEXIS 148383, 2017 WL 4050195, at *2; *see also Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) ("When deciding a motion to remand, including fraudulent joinder allegations, we apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss."). Further, as is the case over any dispute regarding whether removal is proper, all doubts must be resolved in favor of remand. *See, e.g., Kovacic*, 2008 U.S. Dist. LEXIS 129478, 2008 WL 11381423, at *2 ("Any disputed questions of fact or ambiguities of state law are resolved in favor of the non-removing party."); *Long v. Bando Mfg. Co. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (stating "removal statutes are to be narrowly construed" because "they implicate federalism concerns"). All of this is to say that Defendants' burden here is very high.

*Jones v. Old Dominion Freight Line, Inc.*, No. 2:17-cv-1127, 2018 U.S. Dist. LEXIS 56677, at *4-7 (S.D. Ohio Apr. 3, 2018) (Jolson, M.J.).

Separately, the Court has also recognized that "[f]ederal courts have an 'independent obligation to ensure that subject matter jurisdiction exists.'" *Wolfe v. Albrecht*, No. 2:15-cv-2773, 2016 U.S. Dist. LEXIS 137719, at *3 (S.D. Ohio Oct. 4, 2016) (Jolson, M.J.) (quoting *Valinski v. Detroit Edison*, 197 F. App'x 403, 405 (6th Cir. 2006)). Thus, even without consideration of a motion to remand, a court may *sua sponte* inquire into subject matter jurisdiction and, upon determining that a case removed on the basis of diversity of citizenship lacks complete diversity, the court must remand to the state court. *See id.* at *4-5. In other words, the Court need not wait for full briefing here but could, upon recognizing that the notice of removal on its face conclusively presents a lack of complete diversity, remand under § 1447(c) based on the adopted report and recommendation of Magistrate Judge Jolson or directly by way of order signed by Judge Watson without a report and recommendation.

5

Regardless of which mechanism is employed here, the end result should be the same: remand of this action based on lack of subject matter jurisdiction.

### III.    ARGUMENT

**A.    Plaintiff's claim under Ohio Rev. Code § 2307.60(A) is sufficient to mandate remand because JUUL cannot demonstrate that there is no possibility that Plaintiff will be able to establish this claim against a nondiverse defendant.**

If there exists even a colorable basis for predicting that Plaintiff may recover against just one nondiverse defendant under a single claim raised in this action, then complete diversity does not exist and remand under § 1447(c) is mandated. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Plaintiff's claim under Ohio Rev. Code § 2307.60(A) against Defendants Tobacco and Wireless Sales, LLC, Mohammed Shalash, and Hilliard Smoke House satisfies this standard. Therefore, the Court must remand regardless of any other fallacious arguments JUUL makes in support of its fraudulent removal.

Ohio Rev. Code § 2307.60(A) provides in relevant part that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law." Here, the business operated by or known as Defendants Tobacco and Wireless Sales, LLC, Mohammed Shalash, and Hilliard Smoke House ("the Ohio Defendants") sold Plaintiff's minor children JUUL products. *See* First Amended Complaint, ECF No. 3, ¶¶ 18, 30, 345, & 400. This constitutes illegal distribution of alternative nicotine products to minors in violation of criminal statute Ohio Rev. Code § 2927.02(B). Moreover, Defendants Tobacco and Wireless Sales, LLC, Mohammed Shalash, and Hilliard Smoke House are all nondiverse defendants. *See* First Amended Complaint, ECF No. 3, ¶¶ 27-29. This defeats diversity jurisdiction and thereby strips the federal courts of subject matter jurisdiction.

JUUL's rejection of the foregoing analytic chain is baseless. For example, JUUL asserts in its Notice of Removal that "Plaintiff's 'Factual Allegations' contain only conclusory allegations

6

concerning [the Ohio Defendants]" and that "[t]he conclusory references to [the Ohio Defendants] do not suffice to state a claim." ECF No. 1, at PageID # 7. JUUL also inexplicably argues that "[t]here is no evidence whatsoever that [the Ohio Defendants] sold any minor, let alone J.C. and A.C., alternative nicotine products." *Id.* at PageID # 15.

What JUUL overlooks is that Plaintiff need not introduce *evidence* with a complaint. Rather, notice pleading only requires that Plaintiff plead *sufficient facts* to present a plausible claim that the Ohio Defendants engaged in the conduct targeted in Plaintiff's Ohio Rev. Code § 2307.60(A) claim. How pleading that the Ohio Defendants sold JUUL products to Plaintiff's minor children is insufficient so as to warrant disregard by the Court is unclear, illogical, and, of course, not the law.

JUUL attempts to rely on the declaration of Nabil Shalash to refute the factual allegations of the First Amended Complaint that the Ohio Defendants sold JUUL products to Plaintiff's children. The declaration does not speak to the relevant issue, but only at best creates a dubious misimpression. Nabil Shalash declares that The Smoke House "has always maintained a policy of never selling any JUUL product to an individual who appears under the age of 30" without a valid identification establishing the customer is 18 or older, but a policy is not necessarily the same as a practice. ECF No. 1-2, at PageID # 247. Notably, Nabil Shalash does not even state that The Smoke House *has never sold* any JUUL product to an individual who appears under the age of 30 without a valid identification establishing the customer is 18 or older.

In contrast, the First Amended Complaint provides that "J.C. and A.C. have regularly purchased and consumed JUUL products since April 2016" and that "[t]hey purchased JUUL products from a local store, Hilliard Smoke House." ECF No. 3, ¶ 18. "Since April 2016" implies ongoing or more recent purchases, and Plaintiff's minor children have indicated that they

7

purchased JUUL products from the 5439 Roberts Road store all throughout 2018 and that J.C. even purchased a brand new starter kit from there in 2019. Nabil Shalash's declaration is thus of value only in that it adds to developing the ownership and operation of the store and suggests that both he and "The Smoke House" be identified or added as named defendants.[1]

---

[1] As noted in the First Amended Complaint, the Ohio Defendants have created questions of fact as to who owned and/or operated the 5439 Roberts Road store during the conduct involved in this case. That pleading provides:

> 27. Defendant Tobacco and Wireless Sales LLC was a domestic limited liability company registered with the Ohio Secretary of State to do business in the State of Ohio from February 11, 2015. Effective March 9, 2015, Tobacco and Wireless Sales LLC registered the trade name of Hilliard Smoke House with the Ohio Secretary of State to do business in the State of Ohio. Hilliard Smoke House is a privately-owned store located in Franklin County, Ohio. Effective December 31, 2017, Tobacco and Wireless Sales LLC filed a certificate of dissolution of a limited liability company with the Ohio Secretary of State.

> 28. Defendant Mohammed Shalash ("Shalash") is a resident of Franklin County, Ohio, who has continued to operate the privately-owned store Hilliard Smoke House since the dissolution of Tobacco and Wireless Sales LLC. As of August 27, 2019, there is no record that Shalash registered or reported his use of "Hilliard Smoke House" with the Ohio Secretary of State despite the fact that he is a sole proprietor using the name "Hilliard Smoke House." As of August 27, 2019, there is no record of assignment of the name "Hilliard Smoke House" to Shalash on file with the Ohio Secretary of State. Pursuant to R.C. 1329.10(C), "[a]n action may be commenced or maintained against the user of a trade name or fictitious name whether or not the name has been registered or reported in compliance with section 1329.01 of the Revised Code." Defendant Mohammed Shalash is the user of "Hilliard Smoke House."

> 29. Defendant Hilliard Smoke House is named to bring suit against the entity using that name if the entity is *not* Mohammed Shalash. The Supreme Court of Ohio has held that, pursuant to R.C. 1329.10(C), a person may bring suit against an entity named only by its fictious name. *See Family Med. Found., Inc v. Bright*, 96 Ohio St.3d 183, 2002-Ohio-4034, ¶ 15.

ECF No. 3, ¶¶ 27-29. Under this scenario, Mohammed Shalash may remain liable for claims at issue in this case under Ohio Rev. Code Chapter 1701. *See, e.g.,* Ohio Rev. Code § 1701.95. Moreover, depending upon how he obtained the business now operating at 5439 Roberts Road, Nabil Shalash may be liable for such claims if he assumed liability. Further discovery is needed, including discovery related to the fact that the lease for the 5439 Roberts Road store was amended on March 1, 2018 to assign the lease to Diala Tobacco Shop, LLC, with Nabil Shalash designated

In any event, Sixth Circuit law wholly forecloses using Nabil Shalash's representations to salvage the improper removal. The court of appeals has held that "[t]he district court must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party" and that "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493 (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). The Court must therefore resolve the purported factual dispute regarding whether the Ohio Defendants sold JUUL products to Plaintiff's minor children in favor of Plaintiff and remand.

A similar result arises in regard to JUUL's argument that the Ohio Rev. Code § 2307.60(A) claim fails in the absence of a criminal conviction. ECF No. 1, at PageID # 16. JUUL directs this Court to a number of Northern District of Ohio cases in which courts have held that a criminal conviction is a condition precedent to a claim under Ohio Rev. Code § 2307.60(A). What JUUL conveniently does not cite to the Court are:

- **Southern District of Ohio decisions** that have held that no criminal conviction is required for an Ohio Rev. Code § 2307.60(A) claim. *See, e.g., Hatmaker v. Pj Ohio, LLC*, No. 3:17-cv-146, 2019 U.S. Dist. LEXIS 50403, at \*12 (S.D. Ohio Mar. 26, 2019) (Rose, J.); *Kimber Baldwin Designs, LLC v. Sil Communs., Inc.*, 225 F. Supp. 3d 670, 679-80 (S.D. Ohio 2016) (Black, J.).

- **Ohio state court decisions** construing the state law that held that a criminal conviction is not a condition precedent to the civil claim. *See, e.g., Gonzalez v. Spofford*, No. 085231, 2005-Ohio-3415, 2005 Ohio App. LEXIS 3182, ¶ 27 ("R.C. 2307.60 provides that any victim of a criminal act may recover 'full damages' in a

---

as Diala's sole member. Nabil Shalash does not even mention Diala in his declaration.

The takeaway point is this: Plaintiff has already sufficiently pled a nondiverse defendant in Defendants Tobacco and Wireless Sales, LLC, Mohammed Shalash, and Hilliard Smoke House or is entitled to add The Smoke House and Nabil Shalash as discussed in Section B below, and either avenue is sufficient to mandate a remand.

civil action. The section specifically provides that a criminal conviction of the crime is not a condition precedent to civil liability.").

- **The Ohio Judicial Conference's *Ohio Jury Instructions*** section on Ohio Rev. Code § 2307.60(A) claims explains that "[a] criminal conviction or charge is not a prerequisite" to such a civil claim.  OJI-CV 455.01, Introductory Comment.

In light of such authority, two comments are warranted.

First, remand is mandated.  As noted, the Sixth Circuit has held that "[t]he district court must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party" and that "[a]ll doubts as to the propriety of removal are resolved in favor of remand."  *Coyne*, 183 F.3d at 493 (quoting *Alexander*, 13 F.3d at 949).  There is an obvious ambiguity in the controlling state law here, which Chief Judge Marbley recently recognized in stating that "[w]hether O.R.C. § 2307.60 requires a criminal conviction is unclear." *Clark v. Pizza Baker, Inc.*, No. 2:18-cv-157, 2019 U.S. Dist. LEXIS 161623, at *12 (S.D. Ohio Sept. 23, 2019).  The Court must resolve this ambiguity in the elements of the Ohio Rev. Code § 2307.60(A) claim in favor of Plaintiff and remand.

Second, an even faster remand can be effectuated without a report and recommendation if Judge Watson elects to proceed on the Notice of Removal.  This case presents an example of when a remand is appropriate even without additional briefing and even without a motion to remand in the first place.  JUUL's own briefing damns its flawed removal.  The company notes in a footnote in its Notice of Removal that "[w]hether a criminal conviction is a condition precedent to asserting a claim under Ohio Rev. Code § 2307.60 is a disputed issue that has been certified to [the] Supreme Court of Ohio."  ECF No. 1, at PageID # 16 n.4.  This recognition of the conviction issue is sufficient to put the Court on notice of an ambiguity in the state law, which then necessitates rejection of JUUL's allegation that the claim fails as a matter of law for want of a conviction. When coupled with the failure of JUUL's "no facts" argument discussed above—which is itself

10

defeated by the face of Plaintiff's factual pleading—there is no need for further development of the remand inquiry.

This is because "[a]ll factual and legal 'doubts as to the propriety of removal are resolved in favor of remand.'" *Myers Indus. v. Young*, No. 5:13-cv-01278, 2013 U.S. Dist. LEXIS 116392, at *5 (N.D. Ohio Aug. 16, 2013) (quoting *Walker v. Philip Morris USA*, 443 F. App'x 946, 952 (6th Cir. 2011)). The Court is required to resolve all the multiple factual and legal doubts raised herein in favor of remand and against JUUL.

Moreover, JUUL has failed to prove fraudulent joinder by clear and convincing evidence and instead asks this Court to weigh the merits of the Ohio Rev. Code § 2307.60(A) claim despite the fact that a district court "cannot 'weigh the merits' of the plaintiff's claim[s] 'beyond determining whether [they are] arguable . . . under state law.'" *Harper v. DePuy Orthopaedics, Inc.*, No. 1:11 dp 20522, 2011 U.S. Dist. LEXIS 80584, at *5-6 (N.D. Ohio July 25, 2011) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). This means that "'if there is even a possibility that a state court would find that the complaint states a cause of action' against the resident defendant," then the federal court "must find that joinder was proper and thus remand the case back to state court." *Id.* at *6 (quoting *Crowe*, 113 F.3d at 1538). Plaintiff has set forth here that possibility.

Finally, courts have recognized that "[i]nstead of requiring federal courts to venture their best guess at whether a state-law claim is colorable, it makes much more sense to leave the decision to the state courts, who are experts on questions of state law." *Myers. Indus.*, 2013 U.S. Dist. LEXIS 116392, at *10 (quoting *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 865, 871 (N.D. Ohio 2008)). This policy consideration also applies here where Ohio courts can best answer questions of Ohio law. Remand is therefore both appropriate and mandated.

**B.      Alternatively, the Court should permit the identification or addition of The Smoke House and Nabil Shalash as additional nondiverse defendants and remand the action under 28 U.S.C. § 1447(e).**

28 U.S.C. § 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  The Sixth Circuit has held that this subsection encompasses the identification of fictitious defendants after removal.  *See Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 541 (6th Cir. 2006).

JUUL's Notice of Removal states that the correct name of the targeted business in the First Amended Complaint is "The Smoke House" and not "Hilliard Smoke House."  ECF No. 1, at PageID # 2 n.2.  The notice also states that Nabil Shalash has replaced Mohammed Shalash as owner of The Smoke House.  *See id.*  JUUL's implication is that Plaintiff has failed to name the proper entities as defendants, even though Nabil Shalash is doing business as The Smoke House using an unregistered trade name.

This proposition is in stark contrast to Ohio law.  The Supreme Court of Ohio has held that "a defendant should not be allowed 'to profit by the confusion resulting from having done business under a fictitious name'" and that a plaintiff may bring suit against a party named only by its fictitious name." *Family Med. Found., Inc. v. Bright*, 96 Ohio St.3d, 2002-Ohio-4034, 772 N.E.2d 1177, ¶¶ 12, 15.  What JUUL and Nabil Shalash overlook is that the latter and his store cannot evade responsibility by hiding behind a purported name change.  If there is a substantive difference between "Hilliard Smoke House" and "The Smoke House," then Ohio law provides that amendment is permissible to remedy any error.  *See Triangle Real Estate Servs. v. E. Horizons*, No. 10 CVH-04-5188, 2001 Ohio Misc. LEXIS 19837, at *11 (Franklin Cty. Common Pleas Jan. 3, 2011) ("When the identity of the corporation . . . being sued is clear, mere errors in naming it in

12

the pleading may be corrected by amendment."). The Ohio Defendants and Nabil Shalash have created an unclear corporate history for the store operating at 5439 Roberts Road, and Ohio law teaches that they should not be allowed to profit by the confusion they have created and avoid Plaintiff's forum of choice.

If, however, the Court determines that neither The Smoke House nor Nabil Shalash have been properly named in the First Amended Complaint, then the Court should grant Plaintiff leave under § 1447(e) to amend and allow her to file a Second Amended Complaint that identifies as defendants The Smoke House and Nabil Shalash, both of whom qualify as John Doe Defendants.[2] Paragraph 31 of the First Amended Complaint provides:

> 31. John or Jane Doe Defendant 1 is, whether singular or plural, being those persons, firms, partnerships, corporations, or other entities, whose acts caused or contributed to cause the damages suffered by the Plaintiffs herein and whose names are unknown to the Plaintiffs at this time but which will be substituted by amendment when ascertained.

ECF No. 3, ¶ 31.

Upon the Court's order granting amendment of the complaint to add The Smoke House and Nabil Shalash as nondiverse defendants, complete diversity would be destroyed. *See Curry*, 462 F.3d at 541. Because these nondiverse defendants would deprive the Court of subject-matter

---

[2]     Due to the necessarily expedited deadline accompanying the briefing of the removal and related stay requests, Plaintiff has not filed a separate motion for leave to amend. Plaintiff requests such leave if necessary and submits that her counsel can prepare and file a motion and Second Amended Complaint with one day's notice from the Court.

Plaintiff notes that JUUL has argued *both* that retailers are either dispensable or indispensable depending upon court JUUL is in and what strategic advantage either position could afford JUUL at the time. But "[i]t does not matter under § 1447(e) whether the added party is dispensable or indispensable." *Smoky Mt. Knife Works, Inc. v. Forward Motion Media, LLC*, No. 3:13-CV-448-TAV-CCS, 2015 U.S. Dist. LEXIS 46841, at *5 (E.D. Tenn. Apr. 10, 2015) (quoting *Curry*, 462 F.3d at 542 n.4). Therefore, any argument by JUUL that naming the store and its owner here is not necessary is irrelevant to the amendment issue.

13

jurisdiction, the Court would then be *required* to remand the case under 28 U.S.C. § 1447(c). *See id.* at 540-41 & n.3. *See also Wolfe v. Albrecht*, No. 2:15-cv-2773, 2016 U.S. Dist. LEXIS 137719, (S.D. Ohio Oct. 4, 2016) (Jolson, M.J.) (recommending dismissal under § 1447(c) because post-removal amendment of the complaint defeated diversity jurisdiction). The fact of the matter is: 1) Mohammed Shalash and his business sold Juul to Plaintiff's minor daughters and 2) Nabil Shalash and his business sold Juul to Plaintiff's minor daughters. In drastic contrast, JUUL has previously argued that JUUL cannot be liable without retailers because the *retailers* break the chain of causation. *See In re: Juul Labs, Inc. Prod. Litig.*, Case No. 3:18-cv-02499, ECF No. 99, p. 37 (attached as Exhibit A). Thus, JUUL has no basis for removal.

**C.** **Because no objectively reasonable basis for removal exists, the Court should require payment of Plaintiff's just costs and actual expenses, including attorney's fees, incurred as a result of the removal.**

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Construing this language statute, the United States Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

Requiring JUUL to pay Plaintiff's costs and actual expenses, including attorney's fees, is appropriate here. In this case, Defendants Tobacco and Wireless Sales, LLC, Mohammed Shalash, and Hilliard Smoke House are all Ohio residents, and JUUL had no objectively reasonable basis to conclude otherwise. Moreover, JUUL's challenge to Plaintiff's Ohio Rev. Code § 2307.60(A) claim against these nondiverse defendants depended upon a factual dispute and an ambiguity in

14

Ohio law, both of which mandate remand under the controlling law. In other words, the substantive attack on the claim also lacked an objectively reasonable basis.

It is obvious that there is a gray area or an ambiguity in Ohio law on whether an Ohio Rev. Code § 2307.60(A) claim requires a conviction. This unsettled state law and the obvious factual dispute as to whether the store sold to the minor children here defeat any argument by JUUL that there was an objectively reasonable basis for removal. These conclusions align with Sixth Circuit's guidance:

> It is undoubtedly reasonable to remove a case where a plaintiff can provide no precedent at all supporting a theory of liability. It is also reasonable to remove a case where a plaintiff provides such weak authority that it is a "close question" as to whether the plaintiff's failure to state a claim is "obvious according to the settled rules" of the forum state. *Gardner v. UICI,* 508 F.3d 559, 562 (9th Cir. 2007). In a case like *Gardner,* state-law precedent may be so lopsided that, though not "controlling," the weight of authority renders a removal action objectively reasonable and fees inappropriate even though the case is ultimately remanded.
>
> At some location on the spectrum, however, the relevant case law available to a plaintiff rises to the level at which the state-law question is no longer lopsided. At some point, a plaintiff's claim becomes so plainly "colorable" that, once viewed through the lens of the demanding fraudulent joinder standard, remand is no longer a close question. In that situation, it is no longer objectively reasonable for the defendant to attempt removal in the first place.

*Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 492 (6th Cir. 2013). Stated even more simply, the test is *not* whether it would be objectively reasonable for Defendants to argue in state court against the Ohio Rev. Code § 2307.60(A) claim given the lack of a conviction. Instead, the test is whether JUUL's cases approach the point on the spectrum representing a lopsided presentation of legal authority for its position on convictions. *Kent State Univ. Bd. of Trs.*, 512 F. App'x at 493.

When viewed through the lens of the *Coyne* fraudulent joinder standard, removal based on the clearly unsettled nature of Ohio state law was not objectively unreasonable. *See id.* Here, Plaintiff has provided precedent supporting her theory of liability. Her authority is not weak, but

15

is grounded in state law interpreted by the state courts, with even the Supreme Court of Ohio set to resolve the conviction issue. JUUL's contrary authority hardly presents a lopsided debate, which means JUUL could and should have recognized the impropriety of removal in light of the fraudulent joinder standard. Plaintiff's claim is so plainly colorable that remand is not a close question and JUUL's removal is rendered objectively unreasonable.

Additionally, failure to award to Plaintiff all removal-related costs and expenses, including attorney fees, would force Plaintiff to incur harm for JUUL's brazen if baseless attempt at gaming the system to avoid state court. The removal here was not fairly supportable under the fraudulent joinder standard and was instead "a method for delaying litigation and imposing costs on the plaintiff." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1060 (6th Cir. 2008) (quoting *Martin*, 546 U.S. at 140). The Court should not tolerate such gamesmanship by JUUL and should award fees and costs for this objectively unreasonable removal. *See id.* ("In general, objectively unreasonable removals should result in fee awards to plaintiffs.").

## IV.   CONCLUSION

Because analysis of Plaintiff's Ohio Rev. Code § 2307.60(A) claim conclusively answers whether removal was proper in this case, Plaintiff need not and does not address JUUL's multiple red herrings and attacks on the other claims. Plaintiff does not concede any of these arguments, which simply become irrelevant given that at least one nondiverse defendant is subject to a colorable claim under Ohio Rev. Code § 2307.60(A).

JUUL cannot prove fraudulent joinder by clear and convincing evidence, which means that remand is mandated. Consequently, the Court should remand the captioned case back to the Court of Common Pleas for Franklin County, Ohio. Because no objectively reasonable basis for removal exists, Plaintiff requests that the Court also order JUUL to pay the just costs and actual expenses,

16

including attorney fees, that Plaintiff incurs as a result of the removal.  Said costs and expenses are still being incurred and can be provided to the Court upon request or at the completion of the remand litigation.

Respectfully submitted,

 */s/Mark H. Troutman*
Mark H. Troutman (0076390) (Trial Attorney)
Shawn K. Judge (0069493)
Gregory M. Travalio (0000855)
**ISAAC WILES BURKHOLDER &TEETOR LLC**
Two Miranova Place, Suite 700
Columbus, OH 43215
Tel.: (614) 221-2121 | Fax: (614) 365-9516
mtroutman@isaacwiles.com
sjudge@isaacwiles.com
gtravalio@isaacwiles.com

Andy D. Birchfield, Jr. (ASB-3625-C48A)*
Joseph VanZandt (ASB-7655-U14D)*
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, LLC**
234 Commerce Street
Montgomery, AL 36103
Tel: (334) 269-2343  | Fax: (334) 954-7555
Andy.Birchfield@BeasleyAllen.com
Joseph.VanZandt@BeasleyAllen.com
*To be admitted pro hac vice*

*Attorneys for Plaintiff*

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 4, 2019, the foregoing was filed with the

Clerk of Courts using the CM/ECF system, which will send notification of such filing to all parties

by operation of the Court's electronic filing system.  Parties may access this filing through the

Court's system.  Copies were also served via electronic mail and regular mail on the following:

Aneca E. Lasley
Jesse Taylor
Squire Patton Boggs (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215

*Attorneys for JUUL Labs, Inc.*

Mark J. Miller
Law Offices of Mark J. Miller, LLC
555 City Park Avenue
Columbus, Ohio 43215
mark@millerohiolaw.com

*Attorney for Defendants*
*Tobacco and Wireless Sales LLC,*
*Hilliard Smoke House, and*
*Mohammed Shalash*

 */s/Mark H. Troutman*
Mark H. Troutman (0076390)
*Trial Attorney for Plaintiff*

18